1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   KENNETH C. FELDMAN, SB# 130699
2     E-Mail: feldman@lbbslaw.com
   JON E. HOKANSON, SB# 118829
3     E-Mail: hokanson@lbbslaw.com
   BARRY ZOLLER, SB# 162074
4     E-Mail: zoller@lbbslaw.com
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendants, CISLO &
   THOMAS, LLP, DANIEL M. CISLO,
8  ESQ. AND MARK D. NIELSEN, ESQ.

FILED

2012 FEB -8  PM 3: 20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12  HOMELAND HOUSEWARES, LLC,        CASE NO. _____

13             Plaintiff,

14        vs.                         **NOTICE OF REMOVAL OF
                                      ACTION PURSUANT TO 28 U.S.C.**
15  CISLO & THOMAS, LLP; DANIEL      **§ 1441(b)
    M. CISLO; MARK D. NIELSEN; and   (FEDERAL QUESTION - PATENT)**
16  DOES 1 to 50,
                                      **REQUEST TO BE REFERRED TO
17             Defendants.           PILOT PATENT PROGRAM**

18

19

20

21

22  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23        PLEASE TAKE NOTICE that Defendants CISLO & THOMAS, LLP,

24  DANIEL M. CISLO, ESQ. AND MARK D. NIELSEN, ESQ. ("Defendants"), by

25  and through their counsel, hereby remove to this Court the state court action

26  described below on the basis of federal question pursuant to 28 U.S.C. §1331 and 28

27  U.S.C. §1441(b) as follows:

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-9003-0862.1

NOTICE OF REMOVAL OF ACTION

1.    On December 15, 2011, Plaintiff HOMELAND HOUSEWARES, LLC ("Plaintiff"), filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled Homeland Housewares, LLC v. Cislo & Thomas, LLP, Daniel M. Cislo, Esq. and Mark D. Nielsen, Esq., case no. BC475216.  A true and correct copy of the Complaint is attached as Exhibit A.

2.    On January 18, 2012, the Summons and Complaint was mailed to Defendants with a Notice and Acknowledgment of Receipt which was signed by counsel for Defendants and mailed to Plaintiff on February 7, 2012.  A copy of the Summons in this state court action is attached as Exhibit B.  Copies of the Notices of Acknowledgment of Receipt are attached as Exhibit C.  Thus, this notice of removal is within the thirty (30) day time limit for removal set forth in 28 U.S.C. §1446(b).

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants CISLO & THOMAS, LLP, DANIEL M. CISLO, ESQ. AND MARK D. NIELSEN, ESQ., pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 28 U.S.C. § 1338.  This action for legal malpractice is based on and arises from underlying patent litigation.  Plaintiff's complaint in this action is based on its claim that there has been "a serious error that has placed Homeland in a precarious position in the litigation by dramatically increasing its exposure to treble damages and attorney fees for willful infringement" under the patent statutes 35 U.S.C. §§284-285.  The federal courts have exclusive jurisdiction over cases relating to patents, including legal malpractice actions based on underlying patent litigation.  (See *Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP*, 183 Cal.App.4th 238, 244-252 (2010); and *Gerwan Farming, Inc. v. Worrel v. Worell*, 2011 U.S. Dist. Lexis 8447, at *10-13 (E.D. Cal. 2011).

4.    There are no other defendants named in the Complaint.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-9003-0862.1

NOTICE OF REMOVAL OF ACTION

5.      In light of the patent issues involved, Defendants hereby urge that the case be referred to the Court's Pilot Patent Program.

DATED: February ___, 2012          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
    Kenneth C. Feldman
    Barry Zoller
    Attorneys for Defendants CISLO &
    THOMAS, LLP, DANIEL M. CISLO,
    ESQ. AND MARK D. NIELSEN, ESQ.

NOTICE OF REMOVAL OF ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
CISLO & THOMAS, LLP; DANIEL M. CISLO; MARK D. NIELSEN; and DOES 1 to 50,

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 15 2011

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
Shaunya Wesley

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
HOMELAND HOUSEWARES, LLC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Los Angeles Superior Court, Central District<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>(Número del Caso)<br>BC 475216 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Van Etten Suzumoto & Sipprelle LLP
2801 Townsgate Rd., Suite 210
Westlake Village, California 91361;(805) 719-4900

JOHN A. CLARKE, CLERK

Shaunya Wesley

| DATE:<br>(Fecha)     DEC 15 2011 | Clerk, by<br>(Secretario) | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | SUMMONS | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

EXHIBIT A

# <u>EXHIBIT B</u>

1 | VAN ETTEN SUZUMOTO & SIPPRELLE LLP
KEITH A. SIPPRELLE #143358
2 | JOSHUA D. MENDELSOHN #228888
2801 Townsgate Road, Suite 210
3 | Westlake Village, California 91361
Telephone: (805) 719-4900
4 | Facsimile: (805) 719-4950

5 | Attorneys for Plaintiff Homeland Housewares, LLC

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 15 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

6

7

8                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           FOR THE COUNTY OF LOS ANGELES

10                                  CENTRAL DISTRICT

11 | HOMELAND HOUSEWARES, LLC,          CASE NO.   BC 475216

12 |              Plaintiff,            COMPLAINT OF HOMELAND
                                       HOUSEWARES, LLC FOR:
13 |
        vs.                            (1) PROFESSIONAL NEGLIGENCE
14 |                                   (2) BREACH OF FIDUCIARY DUTY
   CISLO & THOMAS, LLP; DANIEL M.      (3) UNJUST ENRICHMENT
15 | CISLO; MARK D. NIELSEN; and DOES 1 to   (4) DECLARATORY RELIEF
   50,
16 |                                   JURY TRIAL DEMANDED
17 |              Defendants.

18

19

20

21     Plaintiff HOMELAND HOUSEWARES, LLC, for its Complaint against CISLO &

22 THOMAS, LLP, DANIEL M. CISLO, MARK D. NIELSEN, and DOES 1 through 50, inclusive,

23 complains and alleges as follows on information and belief:

24                                  THE PARTIES

25     1.    Plaintiff HOMELAND HOUSEWARES, LLC ("Homeland") is, and at all times

26 herein mentioned was, a California limited liability company with its principal place of business

27 located in Los Angeles, California. Homeland is a company that develops personal blenders and

28 markets them throughout the United States and in selected foreign markets (primarily by way of

---

1

COMPLAINT OF HOMELAND HOUSEWARES, LLC

EXHIBIT B

1  direct response marketing, and secondarily through conventional retail channels). Among the

2  products that Homeland designed, sells and markets is the Magic Bullet® blender.

3      2.    Defendant CISLO & THOMAS, LLP ("Defendant Firm") is, and at all times herein

4  mentioned was, a California limited liability partnership engaged in the practice of law, with its

5  principal place of business located at 1333 2nd Street, Suite 500, Santa Monica, CA 90401-1211.

6  Defendant Firm specializes in intellectual property law.

7      3.    Defendant DANIEL M. CISLO ("Cislo") is, and at all times herein mentioned was,

8  an individual, and the principal and Managing Partner of Defendant Firm.  Cislo is an attorney

9  duly licensed to practice law in the State of California holding State Bar number 125378, with his

10  principal place of business located at 1333 2nd Street, Suite 500, Santa Monica, CA 90401-1211.

11  Cislo is an experienced intellectual property attorney, having practiced intellectual property law in

12  California since approximately 1986.

13      4.    Defendant MARK D. NIELSEN ("Nielsen") is, and at all times herein mentioned

14  was, an individual and partner of Defendant Firm, and an attorney duly licensed to practice law in

15  the States of California and Texas, holding State Bar numbers 210023 and 24062361, respectively,

16  with his principal place of business located at 1333 2nd Street, Suite 500, Santa Monica, CA

17  90401-1211.  Nielsen holds a Ph.D. in Pharmacology and has practiced intellectual property law in

18  California since approximately 2000.

19      5.    The true names, capacities and/or liabilities of Does 1 through 50, inclusive

20  (hereinafter the "Does" or the "Doe Defendants"), are unknown to Plaintiff at this time, and

21  Plaintiff therefore sues said defendants by such fictitious names.  After the true names, capacities

22  and/or liabilities of the Doe Defendants, or any of them, are ascertained, Plaintiff will amend this

23  complaint accordingly.  Each of the Doe Defendants is indebted to Plaintiff and is legally

24  responsible and liable in some manner for the events and happenings herein referred to, and

25  caused injury and damages proximately thereby to Plaintiff.  Defendant Firm, Cislo, Nielsen, and

26  the Doe Defendants shall be sometimes collectively referred to herein as the "Defendants."

27      6.    Defendants, and each of them, were the agents, servants, employees, partners,

28  associates, and/or principals of each of the other defendants, and were at all such times acting

1  within the course and scope of their authority as such agents, servants, employees, partners,

2  associates, and/or principals of, and with the consent of, the other defendants.  Each of the

3  Defendants has ratified, condoned, authorized, and/or approved the acts and omissions of said

4  agents, servants, employees, partners, associates, and/or principals of the other Defendants, acting

5  within the scope of such relationships and with the full knowledge, consent, ratification, authority,

6  and/or permission of each other said Defendants.

7         7.   In all of their activities relevant to this action, Defendants performed services and

8  committed acts and omissions that fell below the applicable standard of care and/or conspired and

9  acted jointly in perpetration of the common scheme and enterprise of wrongfully injuring

10  Homeland.  Therefore, Defendants jointly and severally bear liability for Homeland's damages.

11  **FACTUAL BACKGROUND**

12      A.   **Sunbeam's Claim of Patent Infringement.**

13         8.   In June, 2005, Homeland received a "cease and desist" letter dated June 3, 2005

14  from patent counsel for Sunbeam Products, Inc. ("Sunbeam").  The letter claimed that features of

15  the Magic Bullet® appeared to infringe Sunbeam's United States Patent No. 6,758,592 (the "'592

16  Patent").

17

18         9.   As was customary at that time for patent-related matters, Sunbeam's June 3, 2005

19  letter was promptly forwarded to Homeland's then outside intellectual property counsel, Cislo of

20  Defendant Firm for evaluation and guidance.  Defendant Firm subsequently billed Homeland

21  $2,856.00 for work performed in June, 2005 in connection with the firm's analysis of Sunbeam's

22  claim (in its June 3, 2005 letter) that the Magic Bullet® infringed the '592 patent.

23        11.   Within several weeks of Homeland forwarding Sunbeam's June 3, 2005 letter to

24  Cislo, Cislo provided an oral opinion to Homeland that Sunbeam's claim that the Magic Bullet®

25  infringed the '592 Patent had no merit and that Homeland essentially had "nothing to worry

26  about" with respect to Sunbeam's claim of patent infringement.  At no time did Cislo discuss with

27  Homeland whether he should prepare either a written opinion letter or substantive response

28

3
COMPLAINT OF HOMELAND HOUSEWARES, LLC

1  regarding Sunbeam's claim that the Magic Bullet® infringed the '592 Patent. Had Cislo

2  recommended to Homeland that he prepare a written opinion letter regarding Sunbeam's claim of

3  patent infringement, Homeland would have accepted his recommendation. However, although

4  Cislo never discussed with Homeland whether he should prepare a written opinion letter regarding

5  Sunbeam's claim that the Magic Bullet® infringed the '592 Patent, and no such letter was ever

6  prepared, Defendant Firm billed Homeland for work purportedly performed by a Defendant Firm

7  attorney on June 22, 2005 for the "draft[ing] of opinion of non-infringement re the Magic Bullet

8  blender." Notwithstanding this billing entry and payment thereof by Homeland, however,

9  Homeland never received an opinion letter from Cislo or any of the other Defendants regarding

10 Sunbeam's claim in June, 2005 that the Magic Bullet® infringed the '592 Patent.

11       B.    **Sunbeam's Lawsuit Against Homeland.**

12       12.    On or about December 15, 2009, Homeland was served with a Summons and

13 Complaint in a patent infringement lawsuit filed by Sunbeam against Homeland (and others) in the

14 United States District Court for the Eastern District of Virginia (seated in Richmond, Virginia).

15 The lawsuit was entitled *Sunbeam Products, Inc. dba Jarden Consumer Solutions v. Hamilton*

16 *Beach Brands, Inc. et al.*, Case No. 3:09-cv-791-REP (the "Litigation"). In the Litigation,

17 Sunbeam claimed (among other things) that the Magic Bullet® infringed the '592 Patent (the very

18 allegation that Sunbeam had made in its June 3, 2005 letter to Homeland). The original Complaint

19 in the Litigation (as well as all subsequent versions of the Complaint) contained a claim that

20 Homeland had willfully infringed the '592 Patent (thereby potentially exposing Homeland to

21 treble damages and attorney's fees). The case was assigned to Judge Robert Payne. Shortly after

22 Homeland was served with Sunbeam's Complaint in the Litigation, Homeland forwarded the

23 Complaint to Cislo for his review and recommendations.

24       13.    Shortly before Sunbeam's Complaint had been served on Homeland in December

25 2010, Nielsen, a partner practicing law at Defendant Firm, informed Cislo that he had very little to

26 do and planned to take off the rest of the year. However, after Cislo was informed by Homeland

27 about the Litigation, Cislo told Nielsen that he now would have plenty to do (despite the fact that

28 neither Cislo nor Nielsen was licensed to practice law in the State of Virginia, where the Litigation

1  was pending).

2  14.  In approximately early January, 2010, following his review of Sunbeam's
3  Complaint in the Litigation, Cislo reiterated to Homeland his June, 2005 oral opinion to Homeland
4  -- that Sunbeam's claim that the Magic Bullet® infringed the '592 Patent was without merit.  At
5  no time during Cislo's early January, 2010 conversation with Homeland (or at any other time prior
6  to assuming the role of Homeland's lead counsel in the Litigation) did Cislo or any of the
7  Defendants discuss with Homeland the implications of Sunbeam's "willful infringement" claim
8  contained in its Complaint against Homeland in the Litigation.  Defendants did not advise
9  Homeland that Sunbeam's willful infringement claim carried the risk to Homeland of possibly
10  paying Sunbeam treble damages and Sunbeam's attorneys' fees.  Defendants did not explain how
11  Homeland should defend itself against Sunbeam's willful infringement claim. Defendants did not
12  inform Homeland that one defense that Homeland had to Sunbeam's willful infringement claim
13  was the "advice of counsel," and that Cislo was a necessary witness in the Litigation regarding
14  Homeland's "advice of counsel" defense to Sunbeam's willful infringement claim as a result of
15  Cislo's oral opinion to Homeland in June, 2005 that Sunbeam's claim of patent infringement
16  regarding the Magic Bullet® was without merit.  Moreover, at no time during Cislo's January,
17  2010 conversation with Homeland (or at any prior or subsequent time) did Defendants request a
18  conflict waiver from Homeland in order to allow Cislo to both serve as lead trial counsel for
19  Homeland in the Litigation and to testify on behalf of Homeland in the Litigation regarding his
20  oral opinion to Homeland in June, 2005 that Sunbeam's claim of patent infringement regarding the
21  Magic Bullet® was without merit.  Under California *Rules of Professional Conduct*, Rule 5-210,
22  Cislo would have been required to obtain a written waiver from Homeland in order to serve both
23  as Homeland's trial counsel and as a trial witness for Homeland.  However, under *Virginia Rules*
24  *of Professional Conduct*, Rule 3.7, Cislo would have been precluded from acting both as
25  Homeland's trial counsel and as a trial witness even if Homeland had agreed to waive the conflict.
26  Homeland did not learn until months later (after Sunbeam filed a motion to disqualify Cislo and
27  Defendant Firm) that Cislo was an important and necessary witness in the Litigation with respect
28  to Sunbeam's willful infringement claim as a result of Cislo's oral opinion to Homeland in June,

1  2005 that Sunbeam's claim that the Magic Bullet® potentially infringed the '592 Patent was

2  without merit.

3        15.    In approximately early January, 2010, and although the Litigation was venued in

4  the State of Virginia, Cislo informed Homeland that he and his firm would assume the role of lead

5  counsel for Homeland in the Litigation. Defendant Firm assigned Nielsen to the day-to-day

6  handling of the Litigation. At no time prior or subsequent thereto did Cislo request or obtain from

7  Homeland a conflict waiver that (at least under California law) might have permitted Cislo to act

8  as Litigation counsel for Homeland notwithstanding his status as an important witness for

9  Homeland in the Litigation. Cislo also informed Homeland around this time that he, Nielsen, and

10 Defendant Firm would be assisted in the Litigation by Robert Scully ("Scully") of Stites &

11 Harbison PLLC, a Kentucky-based law firm that Cislo had selected. Although the Litigation was

12 venued in Richmond, Virginia (located in south-central Virginia), Scully worked out of the

13 Alexandria, Virginia office of Stites & Harbison (located more than 100 miles from Richmond,

14 Virginia). Though an experienced and skilled business litigator, Scully did not specialize in patent

15 litigation. On information and belief, Homeland alleges that Cislo deliberately selected Scully as

16 local counsel for Homeland in the Litigation rather than a Richmond, Virginia-based attorney

17 specializing in patent litigation in order to assure that Cislo and Defendant Firm would control the

18 Litigation and do most of the work. Indeed, late in the Litigation, Scully lamented to Homeland

19 that he was essentially being used by Defendant Firm as a "mail drop", and nothing more.

20 However, because Homeland trusted Cislo at the time, it acquiesced in Cislo's stated intention to

21 act as lead counsel for Homeland in the Litigation, Cislo's decision to have his firm perform most

22 of the work in the Litigation, and Cislo's selection of Scully as "local" counsel for Homeland.

23       16.    On March 1, 2010, Cislo and Nielsen moved for admission in the Litigation as

24 counsel *pro hac vice* for Homeland, each certifying that he had read the Local Rules of the Court

25 (which require adherence to the *Virginia Rules of Professional Conduct*). On March 1, 2010,

26 Judge Payne signed orders admitting Cislo and Nielsen as counsel *pro hac vice* for Homeland.

27 After Cislo and Nielsen were admitted as counsel *pro hac vice* for Homeland in the Litigation,

28 Defendant Firm performed the lion's share of work in defending Homeland in the Litigation, and

1  Scully was relegated to a supporting role. On multiple occasions, Cislo traveled from California
2  to Virginia to personally handle court appearances or other matters related to the Litigation, at
3  considerable expense to Homeland. Defendant Firm billed Homeland approximately $1.5 million
4  in connection with the Litigation. Much of Defendant Firm's billing to Homeland in connection
5  with the Litigation was in the form of "block billing" in which the name of the timekeeper
6  (partner, associate, or paralegal) was not identified. On information and belief, Homeland alleges
7  that Defendant Firm charged exorbitant and unconscionable amounts for the work it performed in
8  connection with the Litigation, charged for work that was not authorized by Homeland, charged
9  for work that was unnecessary, and incurred unnecessary expenses.

10        **C.**    <u>Sunbeam's Motion to Disqualify Cislo and Others in Defendant Firm.</u>

11        17.    On April 24, 2010, Defendant Firm submitted Homeland's responses to Sunbeam's
12  first set of interrogatories. Homeland's interrogatory responses had been prepared with the
13  assistance of Cislo and Defendant Firm. In response to interrogatory #7 (which asked Homeland
14  to explain why its alleged infringement was not willful and whether it intended to rely on an
15  "advice of counsel" defense to Sunbeam's claim of willful infringement), Homeland stated as
16  follows: "Homeland will rely upon an oral opinion of counsel of likely non-infringement of the
17  patents-in-suit. The opinion was provided to Homeland shortly after receipt of Sunbeam's letter
18  of June of 2005 in which Sunbeam first made its allegations of potential infringement known to
19  Homeland." . . . "Homeland also relied on an oral opinion of counsel that Homeland did not
20  appear to infringe the patents-in-suit."

21        18.    In light of Homeland's stated intention (as set forth in its interrogatory responses)
22  to rely on the 2005 oral opinion of counsel (*i.e.*, Cislo) that the Magic Bullet® did not infringe the
23  '592 Patent, on May 24, 2010 Sunbeam filed a motion to disqualify Cislo and others in Defendant
24  Firm on the basis that Cislo was a necessary fact witness with respect to Homeland's "advice of
25  counsel" defense to Sunbeam's willful infringement claim. Cislo and Defendant Firm filed an
26  opposition to the motion.

27        19.    On June 23, 2010, oral argument was heard, *inter alia*, on Sunbeam's motion to
28  disqualify Cislo and others in Defendant Firm. Cislo personally appeared at the hearing in

7
COMPLAINT OF HOMELAND HOUSEWARES, LLC

1  Richmond, Virginia (having travelled from California to do so).  At the hearing, Judge Payne
2  indicated that he intended to grant the motion because Cislo was a key witness if Homeland
3  intended to assert an "advice of counsel" defense to Sunbeam's willful infringement claim.  Judge
4  Payne particularly emphasized the necessity of Cislo as a trial witness because his non-
5  infringement opinion provided to Homeland in 2005 had been oral rather than written.  Cislo
6  indicated at the hearing that he would consult with Homeland about whether to waive the "advice
7  of counsel" defense in order to keep Cislo in the case as Homeland's trial counsel.  Judge Payne
8  gave Homeland until Monday, June 28, 2010 to make a decision about waiving the "advice of
9  counsel" defense.
10      20.    On June 23, 2010, following the hearing, Cislo spoke by telephone with Homeland
11  from Virginia.  The call was fairly brief.  The matters discussed during the call included what had
12  transpired earlier in the day at the hearing before Judge Payne on Homeland's motion to disqualify
13  Sunbeam's counsel, Steptoe & Johnson LLP, and Sunbeam's motion to disqualify Cislo.  Cislo
14  reported to Homeland during this call that Judge Payne would likely grant Homeland's motion to
15  disqualify Sunbeam's trial counsel, and how this would be a tremendous victory for Homeland.
16  Cislo also discussed during the call that Judge Payne intended to disqualify Cislo as Homeland's
17  counsel due to his status as a necessary witness unless Homeland withdrew its "advice of counsel"
18  defense to Sunbeam's claim of willful infringement.  Cislo further advised Homeland that his
19  testimony was relevant only to Homeland's "advice of counsel" defense to Sunbeam's claim of
20  willful infringement, and that if Homeland withdrew the defense, his testimony would no longer
21  be relevant and he could remain in the case as Homeland's lead trial counsel.  At no time during
22  this discussion did Cislo explain to Homeland any serious potential "downside" to Homeland if it
23  waived its "advice of counsel" defense to Sunbeam's claim of willful infringement.  In fact, during
24  the call, Cislo stated that there was very little downside to Homeland of him not being a witness.
25  During this telephone call, Cislo recommended to Homeland that it waive its "advice of counsel"
26  defense to Sunbeam's claim of willful infringement so that he (Cislo) could remain in the case as
27  Homeland's lead trial counsel.  Because Homeland completely relied on and trusted Cislo's advice
28  at that time, Homeland told Cislo to do whatever was best for Homeland.

8

COMPLAINT OF HOMELAND HOUSEWARES, LLC

21.     On June 28, 2010, Scully filed a document waiving Homeland's "advice of counsel" defense to Sunbeam's willful infringement claim. On August 9, 2010, Judge Payne entered an order finding Sunbeam's motion to disqualify Cislo to be moot in light of Homeland's waiver (on June 28, 2010) of its "advice of counsel" defense to the claim of willful infringement.

22.     On July 22, 2010, Judge Payne entered an order disqualifying Steptoe & Johnson as counsel for Sunbeam. In early August, 2010, attorneys with the law firm of Bingham McCutcheon LLP ("Bingham") entered their appearances as new counsel for Sunbeam in the Litigation. Focusing upon Homeland's recent waiver of its "advice of counsel" defense, the Bingham attorneys aggressively focused upon Sunbeam's claim of willful infringement against Homeland. Bingham attorney Boyd Cloern emphasized during the depositions of Homeland's managers that Sunbeam would actively pursue the recovery of enhanced damages and attorneys' fees from Homeland for its (alleged) willful infringement of the patents in suit. On the advice of Cislo, Homeland had been stripped of its "advice of counsel" defense to Sunbeam's claim of willful infringement. As a result, the damages to which Homeland was exposed in the Litigation had dramatically increased.

23.     Cislo's and Nielsen's initial bullish assessment of Homeland's likely success in defending the Litigation began to change after Homeland's waiver of its "advice of counsel" defense to Sunbeam's claim of willful infringement. For the first time, Cislo and Nielsen began characterizing the Litigation as a potential "bet the company case" for Homeland. Though continuing to confidently assert that the United States Patent & Trademark Office was likely to invalidate the patents-in-suit, and that the Motion for Summary Judgment that Defendant Firm had prepared for co-defendant Alchemy Worldwide LLC was likely to be granted, Cislo and Nielsen told Homeland that the case would still proceed to trial in 2011, despite any decision by the Patent Office or Judge Payne. Upon questioning from Homeland, in October, 2010 Cislo and Nielsen estimated that it would cost an additional $1.5 to $2 million in attorneys' fees and costs for the Defendant Firm to take the Litigation through trial, adding that there was no guarantee of success. Cislo and Nielsen also noted to Homeland that regardless of which party prevailed at trial in the Litigation, there would be an appeal, requiring further expenditures. Though continuing to

1  downplay Sunbeam's claim of willful infringement against Homeland, Cislo and Nielsen

2  acknowledged that Bingham would aggressively pursue enhanced damages and attorneys' fees,

3  rendering the Litigation "a bet the company" case.

4        24.    Several months after waiving its "advice of counsel" defense to Sunbeam's willful

5  infringement claim on Cislo's recommendation, and following the Court's denial of Homeland's

6  motion for summary judgment prepared by Cislo and Defendant Firm (which motion had been

7  filed in the name of co-defendant Alchemy Worldwide LLC by Defendant Firm), Homeland

8  brought in new Virginia counsel to evaluate Homeland's position in the Litigation.  During the

9  course of this evaluation, Homeland came to learn that its June 28, 2010 waiver of its "advice of

10  counsel" defense at Cislo's urging had been a serious error that had placed Homeland in a

11  precarious position in the Litigation by dramatically increasing its exposure to treble damages and

12  attorney's fees for willful infringement.  In the Litigation, one of Sunbeam's experts had testified

13  that Sunbeam had incurred damages in excess of $37 million as a result of Homeland's alleged

14  patent infringement.  As such, had Homeland been found liable at trial for patent infringement, it

15  would have been seriously exposed to up to three times this amount of damages (i.e., more than

16  $100 million) due to Cislo's flawed and self-serving advice that Homeland waive its "advice of

17  counsel" defense to Sunbeam's willful infringement claim.  As a result, in December, 2010,

18  Homeland entered into a confidential settlement with Sunbeam to resolve the Litigation, due

19  largely to its potential exposure to Sunbeam's willful infringement claim as a result of its greatly

20  weakened ability to defend against the claim as a result of its waiver of the "advice of counsel"

21  defense several months earlier at Cislo's urging.

22                      **FIRST CAUSE OF ACTION**

23            **(Professional Negligence – Against all Defendants)**

24        25.    Homeland realleges and incorporates by reference the prior allegations of this

25  Complaint as though fully set forth herein.

26        26.    At all times during their representation of Homeland in connection with the

27  Litigation, Defendants owed Homeland a duty to exercise reasonable care, skill and diligence in

28  the performance of legal services for Homeland.

27. As described above, Defendants breached their duty to Homeland to exercise reasonable care, skill and diligence in performing legal services for Homeland, including but not limited to by the following acts and omissions:

(a) Failing to prepare and provide to Homeland a written opinion of non-infringement promptly upon Homeland receiving the June 3, 2005 letter from Sunbeam which claimed that the Magic Bullet® infringed the '592 Patent.

(b) Failing to disclose to and discuss with Homeland promptly upon Homeland being sued in the Litigation that Sunbeam's claim of willful infringement against Homeland could expose Homeland to significantly increased damages and an award of attorney's fees, that an important defense to Sunbeam's claim of willful infringement was the "advice of counsel," and that Cislo would be an essential witness for Homeland in its defense of Sunbeam's willful infringement claim as a result of Cislo's oral non-infringement opinion to Homeland in 2005.

(c) Assuming the role of lead counsel for Homeland in the Litigation notwithstanding that the Litigation was pending in Virginia and that neither Cislo nor Nielsen are licensed to practice law in Virginia.

(d) Unilaterally retaining an Alexandria, Virginia-based general business litigator rather than a Richmond, Virginia-based patent litigation specialist to act as "local counsel" for Homeland in the Litigation.

(e) Urging Homeland to waive its "advice of counsel" defense to Sunbeam's claim of willful patent infringement following the Court's tentative ruling on June 23, 2010 to disqualify Defendants from continuing to act as Litigation counsel for Homeland unless Homeland waived its "advice of counsel" defense.

28. Each of the above-mentioned acts and omissions on the part of Defendants failed to satisfy the applicable standard of care.

29. As a direct and proximate result of the negligent conduct of Defendants as described above, Homeland has been damaged in an amount well in excess of the jurisdictional

1    limits of this Court, according to proof at time of trial.

2                        <u>SECOND CAUSE OF ACTION</u>

3             (Breach of Fiduciary Duty – Against all Defendants)

4        30.     Homeland realleges and incorporates by reference the prior allegations of this

5    Complaint as though fully set forth herein.

6        31.     At all times during their representation of Homeland in connection with the

7    Litigation, Defendants owed to Homeland the obligations of a fiduciary, including but not limited

8    to an obligation to act with the utmost good faith, honesty, integrity, and in the best interests of

9    Homeland.

10        32.     Defendants breached their fiduciary obligations to Homeland by the conduct

11    described above, including but not limited to the following:

12        (a)     Failing to disclose to and discuss with Homeland promptly upon Homeland being

13           sued in the Litigation that Sunbeam's claim of willful infringement against Homeland

14           could expose Homeland to significantly increased damages and an award of attorney's

15           fees, that an important defense to Sunbeam's claim of willful infringement was the "advice

16           of counsel," and that Cislo would be an essential witness for Homeland in its defense of

17           Sunbeam's willful infringement claim as a result of Cislo's oral non-infringement opinion

18           to Homeland in 2005.

19        (b)     Failing to disclose to and discuss with Homeland promptly upon Homeland being

20           sued in the Litigation that Cislo's status as an important witness for Homeland in the

21           Litigation could preclude Defendants from acting as Litigation counsel for Homeland,

22           particularly without Homeland consenting in writing to Defendants acting as counsel for

23           Homeland in the Litigation.

24        (c)     Acting as counsel for Homeland in the Litigation notwithstanding Cislo's status as

25           an important witness for Homeland, contrary to *Virginia Rules of Professional Conduct*,

26           Rule 3.7.

27        (d)     Failing to request and obtain from Homeland a written "conflict waiver" that (at

28           least under California law, *Rules of Professional Responsibility*, Rule 5-210) may have

12

1    permitted Defendants to act as trial counsel for Homeland in the Litigation.

2        (e)    Assuming the role of lead counsel for Homeland in the Litigation notwithstanding

3    that the Litigation was pending in Virginia and that neither Cislo nor Nielsen are licensed

4    to practice law in Virginia.

5        (f)    Unilaterally retaining an Alexandria, Virginia-based general business litigator

6    rather than a Richmond, Virginia-based patent litigation specialist to act as "local counsel"

7    for Homeland in the Litigation.

8        (g)    Billing their time to Homeland in connection with the Litigation in a form designed

9    to obscure from Homeland's analysis precisely which timekeepers at Defendant Firm had

10   performed the work.

11       (h)    Charging Homeland exorbitant and unconscionable fees for the work they

12   performed in connection with the Litigation, charging for work that was not authorized by

13   Homeland, and charging for work that was unnecessary.

14       (i)    Urging Homeland to waive its "advice of counsel" defense to Sunbeam's claim of

15   willful patent infringement following the Court's tentative ruling on June 23, 2010 to

16   disqualify Defendants from continuing to act as Litigation counsel for Homeland unless

17   Homeland waived its "advice of counsel" defense.

18       33.    Each of the above-mentioned acts and omissions on the part of Defendants

19   breached Defendants' fiduciary obligations to Homeland.  On information and belief, Defendants

20   engaged in the above-mentioned improper and unethical acts and omissions for the purpose of

21   enriching themselves to the detriment of Homeland.

22       34.    As a direct and proximate result of the above-described breaches of fiduciary duty

23   on the part of Defendants, Homeland has been damaged in an amount well in excess of the

24   jurisdictional limits of this Court, according to proof at time of trial.  In addition, due to

25   Defendants' breaches of their fiduciary and ethical duties as described above, Defendants should

26   be required to disgorge and return to Homeland all amounts paid to Defendants by Homeland to

27   date relating to the Litigation, and further, Defendants should be barred from any further recovery

28   of fees from Homeland for work purportedly performed by Defendants in connection with the

13

COMPLAINT OF HOMELAND HOUSEWARES, LLC

1    Litigation.

2       35.      Homeland is informed and believes, and on that basis alleges, that the reprehensible

3    conduct of Defendants described above was intended to enrich Defendants and to vex, injure, and

4    annoy Homeland, and was done with a conscious disregard of Homeland's legal rights and

5    interests, and constitutes oppression, fraud, or malice under California *Civil Code* § 3294, entitling

6    Homeland to punitive or exemplary damages in an amount appropriate to punish of make an

7    example of Defendants.

8                          **THIRD CAUSE OF ACTION**

9                **(Unjust Enrichment– Against all Defendants)**

10       36.      Homeland realleges and incorporates by reference the prior allegations of this

11    Complaint as though fully set forth herein.

12       37.      At all times during their representation of Homeland in connection with the

13    Litigation, Defendants owed to Homeland the obligations of a fiduciary, including but not limited

14    to an obligation to act with the utmost good faith, honesty, integrity, and in the best interests of

15    Homeland. In addition, as licensed attorneys in the State of California as well as counsel *pro hac*

16    *vice* in the Litigation, Defendants were required to comply with all applicable California and

17    Virginia ethical rules and Rules of Professional Responsibility in connection with their

18    representation of Homeland in the Litigation.

19       38.      By the conduct described above, Defendants breached their fiduciary obligations to

20    Homeland and failed to comply with all applicable California and Virginia ethical rules and Rules

21    of Professional Responsibility in connection with their representation of Homeland in the

22    Litigation. As a result of their serious ethical breaches, Defendants have forfeited their entitlement

23    to fees in connection with their representation of Homeland in the Litigation, and therefore have

24    been unjustly enriched to the extent of the fees paid to them by Homeland in connection with the

25    Litigation. As such, Defendants should be required to disgorge and return to Homeland all

26    amounts paid to Defendants by Homeland to date relating to the Litigation. Defendants have also

27    been unjustly enriched to the extent that they overcharged Homeland for work purportedly

28    performed in connection with the Litigation and were paid for such overcharges, and should be

COMPLAINT OF HOMELAND HOUSEWARES, LLC

1  required to disgorge and return all such amounts to Homeland.

2  FOURTH CAUSE OF ACTION

3  (Declaratory Relief – Against all Defendants)

4      39.    Homeland realleges and incorporates by reference the prior allegations of this

5  Complaint as though fully set forth herein.

6      40.    At all times during their representation of Homeland in connection with the

7  Litigation, Defendants owed to Homeland the obligations of a fiduciary, including but not limited

8  to an obligation to act with the utmost good faith, honesty, integrity, and in the best interests of

9  Homeland. In addition, as licensed attorneys in the State of California as well as counsel *pro hac*

10  *vice* in the Litigation, Defendants were required to comply with all applicable California and

11  Virginia ethical rules and Rules of Professional Responsibility in connection with their

12  representation of Homeland in the Litigation.

13      41.    Homeland contends that by the conduct described above, Defendants breached their

14  fiduciary obligations to Homeland and failed to comply with all applicable California and Virginia

15  ethical rules and Rules of Professional Responsibility in connection with their representation of

16  Homeland in the Litigation. As a result of Defendants' serious ethical breaches, Homeland further

17  contends that Defendants have forfeited their entitlement to fees in connection with their

18  representation of Homeland in the Litigation, should be required to disgorge and return to

19  Homeland all amounts paid to Defendants by Homeland to date relating to the Litigation, and

20  should be barred from any further recovery of fees from Homeland for work purportedly

21  performed by Defendants in connection with the Litigation. Homeland understands that

22  Defendants deny the foregoing contentions, and instead contend that they are entitled to: (1) retain

23  all amounts previously paid to them by Homeland in connection with the Litigation; and (2)

24  payment of additional fees from Homeland relating to their representation of Homeland in the

25  Litigation.

26      42.    In light of the foregoing, a dispute has arisen and an actual controversy currently

27  exists between Homeland and Defendants as to whether Defendants are entitled to: (1) retain

28

15
COMPLAINT OF HOMELAND HOUSEWARES, LLC

1    amounts previously paid to them by Homeland in connection with Defendants' representation of

2    Homeland in the Litigation; and (2) payment from Homeland of additional amounts in connection

3    with Defendants' representation of Homeland in the Litigation.

4        43.     Homeland desires a judicial determination as to whether: (1) Defendants are

5    required to disgorge and return to Homeland amounts paid to Defendants by Homeland to date

6    relating to the Litigation, and (2) Defendants are barred from any further recovery of fees from

7

8    Homeland for work purportedly performed by Defendants in connection with the Litigation.

9        44.     Homeland has no remedy at law which would be as speedy or adequate as for this

10   Court to determine each party's respective rights and obligations with respect to the foregoing, and

11   therefore seeks and demands declaratory relief.

12                                    **PRAYER**

13       Wherefore, Homeland prays for judgment against Defendants, and each of them, as

14   follows:

15       1.      For an award of compensatory damages in an amount according to proof at trial

16   and in excess of the jurisdictional limit of this Court;

17       2.      For an award of prejudgment interest thereon at the legal rate;

18       3.      For an order requiring Defendants to disgorge and return to Homeland amounts

19   paid to Defendants by Homeland to date relating to the Litigation;

20       4.      For an order requiring Defendants to disgorge and return to Homeland amounts

21   paid by Homeland to Defendants for overbilling/overcharges by Defendants to Homeland;

22       5.      For a judicial declaration that Defendants have forfeited their entitlement to fees in

23   connection with their representation of Homeland in the Litigation, that Defendants are required to

24   disgorge and return to Homeland amounts paid to Defendants by Homeland to date relating to the

25   Litigation, and that Defendants are barred from any further recovery of fees from Homeland for

26   work purportedly performed by Defendants in connection with the Litigation;

27       6.      For an award of punitive or exemplary damages (on the second cause of action

28

                                        16

1   only);

2         7.     For costs of suit herein; and

3         8.     For such other and further relief as the Court may award and/or to which Plaintiff is

4   otherwise entitled by law.

5   **DEMAND FOR JURY TRIAL**

6        Homeland hereby demands a jury trial.

7   DATED: December 14, 2011        VAN ETTEN SUZUMOTO & SIPPRELLE LLP

8

9

10                        By: _____

11                            Keith A. Sipprelle
                          Joshua D. Mendelsohn

12                            Attorneys for Plaintiff Homeland Housewares, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17
COMPLAINT OF HOMELAND HOUSEWARES, LLC

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| VAN ETTEN SUZUMOTO & SIPPRELLE LLP<br>KEITH A. SIPPRELLE #143358; JOSHUA D. MENDELSOHN #228888<br>2801 Townsgate Rd., Suite 210<br>Westlake Village, California 91361<br>TELEPHONE NO.: (805) 719-4900   FAX NO.: (805) 719-4950<br>ATTORNEY FOR *(Name)*: Plaintiff HOMELAND HOUSEWARES, LLC | **CONFORMED COPY**<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>DEC 15 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Shaunya Wesley |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central (Stanley Mosk Courthouse)

CASE NAME: HOMELAND HOUSEWARES, LLC v. CISLO & THOMAS, LLP

| CIVIL CASE COVER SHEET<br>☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC475216**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☒ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 14, 2011
Keith A. Sipprelle
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: HOMELAND HOUSEWARES, LLC v. CISLO & THOMAS, LLP | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ___15___ ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| HOMELAND HOUSEWARES, LLC v. CISLO & THOMAS, LLP | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☒ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4



| SHORT TITLE: HOMELAND HOUSEWARES, LLC v. CISLO & THOMAS, LLP | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: HOMELAND HOUSEWARES, LLC v. CISLO & THOMAS, LLP | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 701 East Broad Street |
|---|---|
| ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Richmond | STATE: VA | ZIP CODE: 23219 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: December 14, 2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Keith A. Sipprelle

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

27

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number

B C 4 7 5 2 1 6

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirde Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | ☒ |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk
                                                                                                                        By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

Page 2 of 2

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

# EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Van Etten Suzumoto & Sipprelle LLP<br>Keith A. Sipprelle #143358<br>2801 Townsgate Road, Suite 210<br>Westlake Village, CA 91361<br>TELEPHONE NO: 805.719.4900   FAX NO. (Optional): 805.719.4950<br>E-MAIL ADDRESS (Optional): ksipprelle@vsslawyers.com<br>ATTORNEY FOR (Name): Plaintiff Homeland Housewares, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central (Stanley Mosk Courthouse)

PLAINTIFF/PETITIONER: HOMELAND HOUSEWARES, LLC

DEFENDANT/RESPONDENT: CISLO & THOMAS, LLP, et al.

| | CASE NUMBER: |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | BC475216 |

TO (insert name of party being served): Defendant DANIEL M. CISLO

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 18, 2012

Keith A. Sipprelle
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify): Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment -Unlimited Civil Case; Voluntary Efficient Litigation Stipulations

(To be completed by recipient):

Date this form is signed: 2-7-12
Barry Zoller Lewis Brisbois B-sgaad Smith
Counsel for Daniel M. Cislo
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure, §§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT C

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Van Etten Suzumoto & Sipprelle LLP<br>Keith A. Sipprelle #143358<br>2801 Townsgate Road, Suite 210<br>Westlake Village, CA 91361<br>TELEPHONE NO: 805.719.4900   FAX NO. *(Optional):* 805.719.4950<br>E-MAIL ADDRESS *(Optional):* ksipprelle@vsslawyers.com<br>ATTORNEY FOR *(Name):* Plaintiff Homeland Housewares, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central (Stanley Mosk Courthouse)

PLAINTIFF/PETITIONER: HOMELAND HOUSEWARES, LLC

DEFENDANT/RESPONDENT: CISLO & THOMAS, LLP, et al.

| | CASE NUMBER: |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | BC475216 |

TO *(insert name of party being served):* Defendant MARK D. NIELSEN

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 18, 2012

Keith A. Sipprelle
(TYPE OR PRINT NAME)

► _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment -Unlimited Civil Case; Voluntary Efficient Litigation Stipulations

*(To be completed by recipient):*

Date this form is signed: 2-7-12

Barry Zoller, Lewis Brisbois Bisgaard & Smith
Counsel for Mark D. Nielsen
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory se
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Van Etten Suzumoto & Sipprelle LLP<br>Keith A. Sipprelle #143358<br>2801 Townsgate Road, Suite 210<br>Westlake Village, CA 91361<br>TELEPHONE NO: 805.719.4900    FAX NO. (Optional):  805.719.4950<br>E-MAIL ADDRESS (Optional):  ksipprelle@vsslawyers.com<br>ATTORNEY FOR (Name):  Plaintiff Homeland Housewares, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:  111 North Hill Street
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:  Central (Stanley Mosk Courthouse)

PLAINTIFF/PETITIONER: HOMELAND HOUSEWARES, LLC

DEFENDANT/RESPONDENT: CISLO & THOMAS, LLP, et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>BC475216 |

TO (insert name of party being served): Defendant CISLO & THOMAS, LLP

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 3, 2012

Keith A. Sipprelle
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify): Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment -Unlimited Civil Case; Voluntary Efficient Litigation Stipulations; Notice of Case Management Conference

(To be completed by recipient):

Date this form is signed: 2-7-12
Barn Ziller, Lewis Brisbois Bisgaard & Smith
Counsel for Cislo & Thomas
_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory ae<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|