VAN ETTEN SUZUMOTO & SIPPRELLE LLP
KEITH A. SIPPRELLE #143358
ksipprelle@vsslawyers.com
JOSHUA D. MENDELSOHN #228888
jmendelsohn@vsslawyers.com
2801 Townsgate Road, Suite 210
Westlake Village, California 91361
Telephone: (805) 719-4900
Facsimile: (805) 719-4950

Attorneys for Plaintiff Homeland Housewares, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| HOMELAND HOUSEWARES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CISLO & THOMAS, LLP; DANIEL M. CISLO; MARK D. NIELSEN; and DOES 1 to 50,<br><br>Defendants. | CASE NO. CV12-1104 GAF(JCx)<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF HOMELAND HOUSEWARES, LLC FOR REMAND TO STATE COURT**<br><br>[*Request for Judicial Notice Filed Concurrently Herewith*]<br><br>Date: April 9, 2012<br>Time: 9:30 a.m.<br>Courtroom: 740 |
|---|---|

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 9, 2012 at 9:30 a.m. or as soon thereafter as this matter may be heard, in Courtroom 740 of the United States District Court for the Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Homeland Housewares, LLC will and hereby does move this Court for an order remanding this action to the

Superior Court in and for the County of Los Angeles, State of California, pursuant to 28 U.S.C. § 1447(c).  The basis for this Motion is that this Court lacks subject matter jurisdiction over this legal malpractice action between citizens of the State of California.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 27, 2012.

This Motion will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, upon all of the documents and pleadings on file in this action, and upon such other and further matters as the Court may consider at the time of the hearing of this Motion.

DATED: March 12, 2012            Respectfully Submitted,

                                 VAN ETTEN SUZUMOTO & SIPPRELLE LLP


                                 By: /s/ Keith A. Sipprelle
                                     Keith A. Sipprelle
                                     Joshua D. Mendelsohn
                                 Attorneys for Plaintiff Homeland Housewares, LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION. ...............................................................................................1

II. PROCEDURAL BACKGROUND. ....................................................................1

III. FACTUAL BACKGROUND. .............................................................................2

    A. The Underlying Patent Litigation. ............................................................2

    B. Defendants Improperly Convince Homeland to Waive the "Advice of Counsel Defense." ...................................................................3

IV. ARGUMENT. ......................................................................................................6

    A. Legal Standard. .........................................................................................6

    B. This Action Should Be Remanded. ..........................................................7

V. CONCLUSION ..................................................................................................13

# TABLE OF AUTHORITIES

**Page**

Federal Cases

*B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981) .......................................7

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988) .....................8

*Danner, Inc. v. Foley & Lardner, LLP,* 2010 WL 2608292 (D. Or., Mar. 15, 2010, CIV. 09-1220-JE) ................................................................................................12

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).........................................................7

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)......7

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941)................................................6

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993 (CD CA 2002) ..............................................................................................................7

*Magnetek, Inc. v. Kirkland & Ellis, LLP*, 2011 Ill. App. Lexis 708 (Ill. App. 2011) ..................................................................................................12

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986) ..................................8

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) .........................................7

*Voight v. Kraft,* 342 F.Supp. 821 (D. Idaho 1972) ......................................................12

State Cases

*E–Pass Technologies, Inc. v. Moses & Singer, LLP*, 189 Cal.App.4th 1140 (2010) ........................................................................................................................11, 12

Federal Statutes and Codes

28 U.S.C. § 1331................................................................................................................6

28 U.S.C. § 1441(b)..........................................................................................................6

Other Authorities

*California Rules of Professional Responsibility*, Rule 5-210....................................10

*Virginia Rules of Professional Conduct*, Rule 3.7 .......................................................9

## I. INTRODUCTION.

Defendants Cislo & Thomas, LLP, Daniel M. Cislo ("Cislo") and Mark D. Nielsen (collectively "Defendants") removed this action from the Los Angeles County Superior Court to this Court on the basis that "[t]he federal courts have exclusive jurisdiction over cases relating to patents, including legal malpractice actions based on underlying patent litigation." (See Defendants' Notice of Removal, Docket Entry ("DE") #1, ¶ 3, ll. 22-23.)  However, Defendants have mischaracterized the law.   Contrary to Defendants' characterization of the law, federal subject matter jurisdiction over a legal malpractice action that arises out of underlying patent litigation exists *only* when a resolution of the malpractice claim will necessarily require an analysis and resolution of a *disputed and substantial* question of federal law.  When, as here, the malpractice plaintiff's right to relief does not turn on the resolution of a disputed and substantial question of federal law, the federal courts lack subject matter jurisdiction and remand to state court is required.

In the instant action, Defendants are alleged to have committed numerous errors and breached their fiduciary duties to Plaintiff in multiple respects in connection with their defense of Plaintiff in an underlying patent lawsuit.  Many of the alleged acts of malpractice and breaches of fiduciary duty have nothing to do with federal patent law.  While some of the alleged acts of malpractice and breaches of fiduciary duty do touch on federal patent law issues (specifically, claims of "willful infringement" in the underlying patent litigation and the "advice of counsel" defense thereto), resolution of Plaintiff's claims against Defendants will not require an analysis and resolution of a disputed and substantial question of federal patent law.  As such, this action should and must be remanded to the Los Angeles County Superior Court.

## II. PROCEDURAL BACKGROUND.

On December 15, 2011, Plaintiff filed suit against Defendants in the Los

Angeles County Superior Court, Case No. BC475216, asserting causes of action for professional negligence, breach of fiduciary duty, unjust enrichment and declaratory relief (the "Malpractice Action").  As alleged in the Complaint in the Malpractice Action, Plaintiff and each of the Defendants are citizens of the State of California.[1]

On February 8, 2012, Defendants removed the Malpractice Action to this Court pursuant to 28 USC § 1441(b) (federal question jurisdiction).  As set forth in Defendants' removal notice (DE #1), Defendants contend that removal of the Malpractice Action was proper because: (1) the Malpractice Action arises under 28 U.S.C. § 1338, as the Malpractice Action is allegedly "based on and arises from underlying patent litigation," and (2) "[t]he federal courts have exclusive jurisdiction over cases relating to patents, including legal malpractice actions based on underlying patent litigation." (DE #1, p. 2, ¶ 3.)   However, as discussed below, this Court lacks subject matter jurisdiction over this action, as Plaintiff's right to relief does not turn on the resolution of a disputed and substantial question of federal patent law. Accordingly, this action should be remanded to the Los Angeles County Superior Court.

### III.   FACTUAL BACKGROUND.

#### A.   The Underlying Patent Litigation.

In June 2005, Homeland received a letter from Sunbeam Products, Inc. ("Sunbeam") alleging that Homeland's Magic Bullet® blender infringed Sunbeam's United States Patent No. 6,758,592 (the "'592 Patent").  (Complaint, ¶ 8). Homeland forwarded the letter to Cislo (Homeland's outside intellectual property counsel at that time).  Cislo subsequently provided Homeland with an oral opinion

---

[1] A true and correct copy of the Complaint in the Malpractice Action (hereafter, the "Complaint") is attached as Exhibit "A" to the concurrently-filed Request for Judicial Notice.  In addition, a copy of the Complaint is attached as Exhibit "A" to Defendants' Notice of Removal.  (DE #1.)

00217328.DOC

2

**MOTION OF PLAINTIFF HOMELAND HOUSEWARES, LLC FOR REMAND TO STATE COURT**

of non-infringement, thereby rendering himself a critical witness in any future patent litigation between Plaintiff and Sunbeam regarding the '592 Patent. (Complaint ¶¶ 9, 11).

On or about December 15, 2009, Homeland was served with the Complaint in a patent infringement lawsuit filed by Sunbeam against Homeland (and others) in the United States District Court for the Eastern District of Virginia. The lawsuit was entitled *Sunbeam Products, Inc. dba Jarden Consumer Solutions v. Hamilton Beach Brands, Inc. et al.*, Case No. 3:09-cv-791-REP (the "Sunbeam Litigation"). In the Sunbeam Litigation, Sunbeam alleged (among other things) that Homeland had *willfully* infringed the '592 Patent, thereby potentially exposing Homeland to treble damages and attorney's fees. (Complaint, ¶ 12.)[2]

**B.    Defendants Improperly Convince Homeland to Waive the "Advice of Counsel Defense."**

Following service of the Sunbeam Complaint on Homeland, and notwithstanding that the Sunbeam Litigation was filed in Virginia and Cislo is not licensed to practice law in Virginia,[3] Cislo informed Homeland that he and his firm would assume the role of lead counsel for Homeland in the Sunbeam Litigation. Defendants undertook to represent Homeland in the Sunbeam Litigation without advising Homeland of the implications of Sunbeam's "willful infringement" claim or of the attendant risks to Homeland of possibly paying Sunbeam treble damages

---

[2] A true and correct copy of the original Complaint in the Sunbeam Litigation filed in December, 2009 ("Sunbeam Complaint") is attached as Exhibit "B" to the concurrently-filed Request for Judicial Notice. Sunbeam's allegation of willful infringement of the '592 Patent by Homeland appears at ¶ 18 of the Sunbeam Complaint.

[3] On March 1, 2010, Cislo and co-defendant Mark D. Nielsen ("Nielsen") move for admission in the Sunbeam Litigation as counsel *pro hac vice* for Homeland, and were admitted. (Complaint, ¶ 16.)

and attorneys' fees. Moreover, in undertaking Homeland's representation, Defendants did not inform Homeland that one defense it had to Sunbeam's willful infringement claim was the "advice of counsel," and that Cislo was a necessary and critical witness in the Sunbeam Litigation regarding Homeland's "advice of counsel" defense as a result of Cislo's oral opinion of non-infringement to Homeland in June, 2005 (*i.e.* that Sunbeam's claim of patent infringement regarding the Magic Bullet® was without merit). (Complaint, ¶¶ 14, 15.)

During the course of the Sunbeam Litigation, Defendants submitted Homeland's responses to Sunbeam's interrogatories. Homeland's interrogatory responses had been prepared with the assistance of Defendants. In response to interrogatory #7 (which asked Homeland to explain why its alleged infringement of Sunbeam's patent was not willful and whether it intended to rely on an "advice of counsel" defense to Sunbeam's claim of willful infringement), Homeland stated as follows: "Homeland will rely upon an oral opinion of counsel of likely non-infringement of the patents-in-suit. The opinion was provided to Homeland shortly after receipt of Sunbeam's letter of June of 2005 in which Sunbeam first made its allegations of potential infringement known to Homeland." (Complaint, ¶ 17).

In light of Homeland's stated intention (as set forth in its interrogatory responses) to rely on Cislo's 2005 oral opinion of non-infringement, Sunbeam filed a motion to disqualify Cislo and the other Defendants on the basis that Cislo was a necessary fact witness with respect to Homeland's "advice of counsel" defense to Sunbeam's willful infringement claim. Defendants opposed the motion. (Complaint, ¶ 18).

At the hearing on the motion to disqualify Cislo and the other Defendants, the Court indicated that it intended to disqualify Defendants because Cislo was a key witness if Homeland intended to assert an "advice of counsel" defense to Sunbeam's willful infringement claim. Cislo responded that he would consult with Homeland about whether to waive the "advice of counsel" to prevent Defendants from being

1  disqualified and in order to keep Cislo in the case as Homeland's trial counsel.
2  (Complaint, ¶ 19).
3       Shortly thereafter, Cislo contacted Homeland and advised it of the Court's
4  intention to disqualify Defendants unless Homeland waived its "advice of counsel"
5  defense to Sunbeam's claim of willful infringement.  During this discussion with
6  Homeland, Cislo advised Homeland that there was very little "downside" to waiving
7  its "advice of counsel" defense to Sunbeam's willful infringement claim, and
8  recommended to Homeland that it waive the defense so that he could remain in the
9  case as Homeland's lead trial counsel.  Because Homeland completely relied on and
10 trusted Cislo's advice at that time, Homeland told Cislo to do whatever was best for
11 Homeland.  (Complaint, ¶ 20).
12      Thereafter, Cislo, through his local counsel, filed a document waiving
13 Homeland's "advice of counsel" defense to Sunbeam's willful infringement claim.[4]
14 The Court then entered an order finding Sunbeam's motion to disqualify Defendants
15 to be moot in light of Homeland's waiver of its "advice of counsel" defense to
16 Sunbeam's claim of willful infringement.  (Complaint, ¶ 21).
17      Following Homeland's waiver of its "advice of counsel" defense on Cislo's
18 recommendation, Sunbeam's counsel began leveraging Homeland's waiver of the
19 defense by aggressively focusing on Sunbeam's claim of willful infringement.
20 Sunbeam's attorneys emphasized during the depositions of Homeland's managers
21 that Sunbeam would actively pursue the recovery of enhanced damages and
22 attorneys' fees from Homeland for its (alleged) willful infringement of the patents-

---

[4] See Exhibit "C" to Homeland's Request for Judicial Notice.  Although Exhibit "C" constituted a written waiver of Homeland's "advice of counsel" defense to Sunbeam's claim of willful infringement, the document was misleadingly and deceptively captioned "Homeland Housewares, LLC's Notice of Non-Waiver." This waiver of Homeland's "advice of counsel" defense to Sunbeam's claim of willful infringement is also DE # 134 in the Sunbeam Litigation.

00217328.DOC

5

**MOTION OF PLAINTIFF HOMELAND HOUSEWARES, LLC FOR REMAND TO STATE COURT**

in-suit. On the advice of Cislo, Homeland had been stripped of its "advice of counsel" defense to Sunbeam's claim of willful infringement. As a result, the damages to which Homeland was exposed in the Sunbeam Litigation had dramatically increased. (Complaint, ¶ 22).

Following the trial court's denial of Homeland's motion for summary judgment in the Sunbeam Litigation, Homeland found itself in an untenable position due to its inability to defend itself against Sunbeam's claim of willful infringement (as a result of Cislo's financially self-interested recommendation that Homeland waive the defense). As a result, in December, 2010, Homeland entered into a confidential settlement with Sunbeam to resolve the Sunbeam Litigation, due largely to its potential exposure to Sunbeam's willful infringement claim as a result of its greatly weakened ability to defend against the claim (as a result of its waiver of the "advice of counsel" defense several months earlier at Cislo's urging).

## IV. ARGUMENT.

### A. Legal Standard.

This Court has "federal question" jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Removal of federal question cases is permitted pursuant to 28 U.S.C. § 1441(b), which provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

However, the removal statutes are to be construed *restrictively* so as to limit removal jurisdiction and to relieve the federal courts of the "overwhelming burden 'of business that intrinsically belongs to the state courts'" in order to keep the federal courts free "for their distinctive federal business." *See Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941). Moreover, doubts as to removability are to be resolved in favor of remanding the case to state court, and the removing party

has the burden of establishing by a preponderance of evidence that removal is proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1000 (CD CA 2002).[5]

## B.  This Action Should Be Remanded.

In removing this action from state court, Defendants asserted in their removal notice that this Court has federal question jurisdiction over this action because this action "is based on and arises from underlying patent litigation," and that [t]he federal courts have exclusive jurisdiction over cases relating to patents, including legal malpractice actions based on underlying patent litigation." [DE #1, ¶ 3.]

Contrary to Defendants' contention, the federal question jurisdiction of the federal courts does *not* extend to any case involving patent issues or arising from underlying patent litigation. Instead, in determining whether federal question jurisdiction exists in a case (such as this one) asserting only state law causes of action, the "question is, does a state law claim necessarily raise a stated federal issue, *actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). (Emphasis supplied.)  Thus, there is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

---

[5]  There is a "strong presumption against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is *any* doubt as to the right of removal in the first instance." *Gaus*, *supra*, 980 F.2d at 566 (emphasis supplied).

In the context of a legal malpractice action involving issues of patent law, federal question jurisdiction is only present where "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809 (1988).

Here, all of Homeland's claims against Defendants are state law claims. In addition, many of Homeland's allegations of wrongdoing on the part of Defendants are unrelated to issues of patent law. Moreover, to the extent that patent law is implicated in any of Homeland's claims, the patent issues are not materially disputed and not substantial.

In the Complaint, Homeland has asserted causes of action against Defendants for Professional Negligence (first cause of action), Breach of Fiduciary Duty (second cause of action), Unjust Enrichment (third cause of action), and Declaratory Relief (fourth cause of action). The third and fourth causes of action are premised upon Defendants' alleged overbilling and breaches of their ethical obligations to Homeland. As a result of the misconduct alleged in the third of fourth causes of action, Homeland contends that Defendants should be required to waive and disgorge their fees relating to their representation of Homeland in the Sunbeam Litigation. (Complaint, ¶¶ 30 - 44.) A resolution of the third and fourth causes of action will not turn on the resolution of a substantial and disputed issue of patent law.

In the first and second causes of action of the Complaint, Homeland alleges that Defendants were negligent and breached their fiduciary duties to Homeland by engaging in the following conduct:

(a) Failing to prepare and provide to Homeland a written opinion of non-infringement promptly upon Homeland receiving the June 3, 2005 letter

from Sunbeam which claimed that the Magic Bullet® infringed the '592 Patent;

(b) Failing to disclose to and discuss with Homeland promptly upon Homeland being sued in the Sunbeam Litigation that Sunbeam's claim of willful infringement against Homeland could expose Homeland to significantly increased damages and an award of attorney's fees, that an important defense to Sunbeam's claim of willful infringement was the "advice of counsel," and that Cislo would be an essential witness for Homeland in its defense of Sunbeam's willful infringement claim as a result of Cislo's oral non-infringement opinion to Homeland in 2005;

(c) Assuming the role of lead counsel for Homeland in the Sunbeam Litigation notwithstanding that the Sunbeam Litigation was pending in Virginia and that neither Cislo nor Nielsen are licensed to practice law in Virginia.

(d) Unilaterally retaining an Alexandria, Virginia-based general business litigator rather than a Richmond, Virginia-based patent litigation specialist to act as "local counsel" for Homeland in the Sunbeam Litigation.

(e) Urging Homeland to waive its "advice of counsel" defense to Sunbeam's claim of willful patent infringement following the Court's tentative ruling on June 23, 2010 to disqualify Defendants from continuing to act as counsel for Homeland in the Sunbeam Litigation unless Homeland waived its "advice of counsel" defense.

(f) Acting as counsel for Homeland in the Sunbeam Litigation notwithstanding Cislo's status as an important witness for Homeland, contrary to *Virginia Rules of Professional Conduct*, Rule 3.7.

(g) Failing to request and obtain from Homeland a written "conflict waiver" that (at least under California law, *Rules of Professional Responsibility*,

    Rule 5-210) may have permitted Defendants to act as trial counsel for Homeland in the Sunbeam Litigation.

(h) Billing their time to Homeland in connection with the Litigation in a form designed to obscure from Homeland's analysis precisely which timekeepers at Defendant Cislo & Thomas, LLP ("C&T") had performed the work.

(i) Charging Homeland exorbitant and unconscionable fees for the work they performed in connection with the Sunbeam Litigation, charging for work that was not authorized by Homeland, and charging for work that was unnecessary.

(Complaint ¶¶ 27, 32.)

  The majority of the above-alleged acts of negligence and breaches of fiduciary duty on the part of Defendants have nothing whatsoever to do with patent law.  Moreover, to the extent any of the above-alleged acts of negligence and breaches of fiduciary duty touch on patent law issues, the patent issues are essentially undisputed and/or not substantial.

  For example, there can be no dispute that: (1) Defendants failed to provide Homeland with a written opinion of non-infringement promptly upon Homeland receiving the June 3, 2005 letter from Sunbeam which claimed that the Magic Bullet® infringed the '592 Patent; (2) Sunbeam asserted a willful infringement claim against Homeland in the underlying Sunbeam Litigation, and (3) Homeland waived its "advice of counsel" defense to Sunbeam's willful infringement claim.  Moreover, the nature of "willful infringement" and the "advice of counsel" defense thereto are undisputed matters of patent law.  Further, at trial, there will be no need for the parties to submit complex expert opinions regarding the underlying patents, the claim construction or the features of the accused product.  Instead, to the extent that patent law issues are implicated with respect to the first and second causes of action, the causation and damages analysis will turn on evidence of

whether Homeland's exposure in the Sunbeam Litigation was greater due to the absence of any defense by Homeland to Sunbeam's willful infringement claim and/or whether Homeland could have settled the Sunbeam Litigation for less than it did had it not waived its "advice of counsel" defense at Cislo's urging.  In short, the liability and damages analysis with respect to the first and second causes of action of the Complaint will not turn on disputed and substantial issues of patent law, such as the scope and claims construction of the patents-in-suit.

The facts of the instant action are somewhat similar to those in *E–Pass Technologies, Inc. v. Moses & Singer, LLP*, 189 Cal.App.4th 1140 (2010).  In *E-Pass* the plaintiff-client brought a legal malpractice action in California state court against the defendant-attorneys, alleging that defendants "incorrectly advised E–Pass that it 'would make more money suing prospective licensees than by negotiating licenses or deals with them' and failed to appreciate and disclose to E–Pass that there was no evidence to support its infringement claims." *Id* at 1146.  The defendant-attorneys demurred to the Complaint, arguing that the federal courts had exclusive jurisdiction over the action because it raised substantial issues of patent law.  The trial court agreed and dismissed the case.

The Court of Appeal reversed, holding that the state court had jurisdiction over E-Pass's malpractice claims because the claims did not require a determination of substantial and disputed issues of patent law.  The Court of Appeal held that while testimony (expert and lay) and a discussion of patent law would be necessary at trial, this did not change the fact that the ultimate question was one of state law, *i.e.* what would a reasonable attorney have done under the circumstances. *Id.* 1151.  The Court of Appeal distinguished cases cited by the defendants as supporting federal jurisdiction, noting that in those cases "it was necessary to establish the validity, invalidity, or proper scope of a patent in order to establish liability or damages and causation.  [Thus] [i]n each, 'the plaintiff's right to relief necessarily

depend[ed] on resolution of a substantial question of federal patent law.'" *E-Pass, supra,* 189 Cal.App.4th at 1149-1150. (Citation omitted.)

Similarly, here, there will be no need for a determination to be made at trial regarding the validity, invalidity, or proper scope of a patent in order to establish liability or damages and causation. Instead, as discussed above, to the extent that patent issues are implicated at all in this action, the core issue will be whether or not Defendants carried out their duties to Homeland in a competent and ethical manner. This state law action simply does not involve substantial and disputed issues of patent law that support exclusive federal jurisdiction. Instead, this is a state law action which just happens to involve certain aspects of patent practice. Cases such as this belong in state court.[6]

//
//
//
//
//
//
//
//
//
//

---

[6] *See, e.g., Danner, Inc. v. Foley & Lardner, LLP,* 2010 WL 2608292 (D. Or., Mar. 15, 2010, CIV. 09-1220-JE) (malpractice claim concerning mishandling of patent application not subject to federal jurisdiction where attorney's negligence was having failed to carry out the basic duties of counsel, including advising client of risks of certain courses of conduct). *See also Voight v. Kraft,* 342 F.Supp. 821 (D. Idaho 1972); *Magnetek, Inc. v. Kirkland & Ellis, LLP*, 2011 Ill. App. Lexis 708 (Ill. App. 2011).

00217328.DOC

12

**MOTION OF PLAINTIFF HOMELAND HOUSEWARES, LLC FOR REMAND TO STATE COURT**

## V. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Motion be granted.

DATED: March 12, 2012				Respectfully Submitted,

VAN ETTEN SUZUMOTO & SIPPRELLE LLP


By: /s/ Keith A. Sipprelle
    Keith A. Sipprelle
    Joshua D. Mendelsohn
Attorneys for Plaintiff Homeland Housewares, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2012, the foregoing **NOTICE OF MOTION AND MOTION OF PLAINTIFF HOMELAND HOUSEWARES, LLC FOR REMAND TO STATE COURT** in the within action was electronically filed for service through the CM/ECF system for the United States District Court, Central District of California.

Counsel for all parties are registered CM/ECF Users, and no paper copies were required to be served by traditional means.

/s/ Susan Ito
Susan Ito